# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

         **Plaintiff**

**-vs-**                                         **Case No. 3:16-CR-101**

**JERRY YOKUM**

         **Defendant**

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE AND/OR AMEND DETENTION ORDER (DOC. 16)

This matter comes before this Court pursuant to Defendant's Motion For Review of Detention Order (Doc. 16) pursuant to 18 U.S.C. 3145 (b) and request for hearing.

The Detention Order (Doc. 8) under review was filed on June 17, 2016 after a detention hearing conducted by Magistrate Michael Merz on June 17, 2016. At that time the Defendant was charged with attempted sex trafficking of children in violation of 18 U.S.C. 1591(a)(1)(b)(2) and 1594(a) by way of a criminal complaint (Doc. 3).

The Magistrate Judge found clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. 3142(e) would reasonably assure the appearance of the Defendant as required and the safety of the community.

The Defendant in his Motion argues that he needs to have the attention of a kidney specialist and that he intends to fight his case at trial due to the lack of evidence against him.

In reviewing the Detention Order the Court would note that the original charge pending at the time of the Order was subject to a rebuttable presumption that no condition or combination of conditions will reasonably assure both the appearance of the Defendant as required in this action and the safety of the community because there is probable cause to believe that the Defendant committed an offense involving a minor victim under 18 U.S.C. 1591. This offense is also punishable by up to a maximum of life imprisonment.

However, subsequent to said detention hearing an Indictment was returned in this case adding a second count.  This second count alleged attempted sex trafficking, a violation of 18 U.S.C. 1591(a)(1)(b)(1) and 1594(a) also punishable by a maximum penalty of life imprisonment.

At the reviewing hearing held on August 16, 2016, the Court heard testimony from Defendant's sister who indicated that Defendant would be permitted to reside at her residence that was equipped for electronic monitoring.  Testimony was also presented regarding Defendant's Stage 3 kidney disease.

However, a great deal of the presentation to the Court concerned Defendant's drug use and past criminal history which included a robbery conviction approximately ten (10) years ago.  There was practically no presentation regarding Defendant's Second Count in the Indictment.

In light of the presentations, the Court finds that the presumption of detainability as to Count One is not successfully rebutted and further that taking into consideration the totality of the circumstances, there is no condition or combination of conditions that will reasonably assure both the appearance of the Defendant as required and the safety of the community pursuant to 18 U.S.C. 3142(e).

Therefore, Defendant's Motion  to Revoke or Amend his Detention Order (Doc. 16)  is DENIED.

August 24, 2016              THOMAS M. ROSE

_____

Thomas M. Rose, Judge
United States District Court