IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:16CR101 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| vs. | : | |
| JERRY YOKUM, | : | THE UNITED STATES' REPLY TO THE DEFENSE MOTIONS TO DISMISS (DOCS. # 41 – 44) |
| Defendant. | : | |

_____

Now comes the United States by and through the undersigned counsel with its Reply in Opposition to the Defense Motion to Dismiss Count 1 (Docs. # 41 and 43), and the Defense Motion to Dismiss the Indictment. (Docs. # 42 and 44).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight. Keller @usdoj.gov

## STATEMENT OF THE CASE

On May 31, 2016, Chief Magistrate Judge Sharon L. Ovington issued an arrest warrant pursuant to a sworn criminal complaint which alleged the defendant attempted to engage in the sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) & 1594(a). (Docs. # 3 and 4). On June 14, 2016, the defendant was arrested pursuant to said warrant and presented before Magistrate Judge Michael R. Merz for an initial appearance. (Doc. # 5). On June 17, 2016, the defendant appeared before Magistrate Merz for a detention hearing, wherein bond was denied. (Doc. # 8). On June 28, 2016, the defendant appeared before Magistrate Judge Michael J. Newman for a preliminary hearing. (Doc. # 9). At this hearing, Magistrate Newman found that probable cause existed to believe offense charged in the criminal complaint had been committed. On July 12, 2016, the case was presented to the grand jury. Based upon the evidence presented, the grand jury returned a true bill consisting of Count 1: attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) & 1594(a), and Count 2: attempted sex trafficking of an adult in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) & 1594(a). (Doc. # 14). On January 20, 2017, the defense filed a Motion to Dismiss Count 1. (Docs. # 41 and 43). On this same date, the defense also filed a Motion to Dismiss the Indictment. (Docs. # 42 and 44). The United States respectfully opposes both motions.

## INTRODUCTION

### Both Defense Motions Should Be Denied

The defense Motion to Dismiss Count 1 argues that this count should be dismissed based upon a purported lack of probable cause for the indicted offense. (Docs. # 41 and 43). The defense Motion to Dismiss the Indictment argues that the defendant's Fifth Amendment Due Process rights

were violated due to vindictive prosecution. (Docs. # 42 and 44). Both motions should be denied based upon factual, legal and procedural insufficiency.

## DISCUSSION

**A.** **Sufficient Probable Cause Has Been Established for Count 1 of the Indictment.**

On May 31, 2016, Special Agent Donald Moesle, Jr. of Homeland Security, Immigration and Customs Enforcement presented a sworn criminal complaint to Magistrate Ovington. This complaint alleged that the defendant attempted to engage in the sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) & 1594(a). After Magistrate Ovington, found sufficient probable cause to believe the charged offense was committed she issued an arrest warrant against the defendant. On June 28, 2016, the defendant appeared before Magistrate Judge Newman at his preliminary hearing. Magistrate Newman likewise determined the existence of probable cause and bound the case over to the grand jury. On July 12, 2016, the grand jury returned a two-count indictment against the defendant which charged in Count 1: the defendant attempted to engage in the sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) & 1594(a). Count 1 of the Indictment mirrors the allegation contained in the prior criminal complaint.

Procedurally, the original criminal complaint was superseded by the indictment. *See* 1 Charles Alan Wright, et al., Federal Practice and Procedures § 41 (4th ed.). The defense motion challenging the statements made in the supporting affidavit to the criminal complaint would have been properly filed prior to the return of the indictment. To date, there has not been any challenge to the proceedings before the grand jury.

The principal function of the modern federal grand jury is to decide whether to approve ("return") an indictment charging federal felony violations. To make that decision, the grand jury must determine whether there is probable cause (i.e., whether it is more likely than not) to believe

3

that a crime has been committed, and if the individual charged in the indictment committed it. Fed. R. Crim P. 6(f). The indictment itself establishes prima facie the existence of probable cause. Beavers v. Henkel, 194 U.S. 73 (1904); Hawkins v. Borthwick, 5 F.2d 564, 566 (6th Cir. 1925). An indictment cannot be challenged because of claim of insufficient or incompetent evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956).

The defense motion in essence seeks *a fourth bite at the apple* to challenge the underlying probable cause with respect to Count 1 of the Indictment. Adequate probable cause was initially found by Magistrate Judge Ovington on May 31, 2016; secondly by Magistrate Judge Newman on June 28, 2016; and finally by the grand jury on July 12, 2016. It should be noted, that the defense has no idea what the total sum and substance of the evidence presented to the grand jury may have consisted of due to the secrecy requirements of Rule 6(e). The appropriate forum for the defense to once again re-raise this issue would be at the completion of the Government's case-in-chief at the trial via Rule 29. There is no factual, legal or procedural basis to raise such a motion at this point in the pre-trial phase of this case. While Rule 16 places some requirements on the government to disclose evidence to a defendant, the government is not compelled by statute or the Constitution to disclose evidentiary details or "to explain the legal theories upon which it intends to rely at trial." United States v. Atisha, 804 F.2d 920, 923-24 (6th Cir. 1986) (citing United v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983); quoting United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980); *See also* Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). The defense Motion to Dismiss Count 1 is procedurally premature, and should therefore be denied.

**B.** **The Government's Decision to Seek Count 2 in the Indictment Did Not Violate Defendant's 5th Amendment Due Process Rights.**

The 5th Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ." The grand

4

jury determines if there is probable cause to believe whether a crime has been committed and is supposed to protect citizens against unfounded prosecutions. United States v. Sells Engineering, Inc., 463 U.S. 418, 423 (1983). "[T]he defendant's main protection against the bringing of unfounded criminal charges . . . is through the institution of the grand jury." United States v. Suarez, 263 F.3d 468, 481 (6th Cir. 2001).

The Due Process Clause prohibits a prosecutor from using criminal charges in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).

Vindictive prosecution occurs when a prosecutor acts to deter the exercise of a protected right of the defendant and requires that the defendant show that the prosecutor has a "stake" in this deterrence and that conduct was unreasonable. United States v. Anderson, 923 F.2d 450 (6th Cir. 1991). Adding more charges is insufficient to show vindictiveness, unless additional charges or more severe charges are based on the same evidence. United States v. Suarez, 263 F.3d 468 (6th Cir. 2001). Pretrial prosecutorial conduct cannot be presumed to be vindictive. United States v. Branham, 97 F.3d 835 (6th Cir. 1996). Ordinarily, there is no presumption of prosecutorial vindictiveness in the pretrial phases of a case. United States v. Goodwin, 457 U.S. 368, 381 (1982).

The Attorney General and the United States Attorneys retain "broad discretion" to enforce the criminal law. United States v. Armstrong, 517 U.S. 456, 463 (1996). Prosecutorial decisions are "particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607 (1985). Prosecutors have this latitude because they are designated by statute as the President's delegates to help discharge the constitutional responsibility to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3; *see* 28 U.S.C. §§ 516, 547.

5

So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his or her discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). A prosecutor has far reaching authority to decide whether to investigate possible criminal conduct, United States v. Derrick, 163 F.3d 799, 824-25 (4th Cir. 1998); grant immunity, United States v. Butler, 297 F.3d 505, 512 (6th Cir. 2002); negotiate a plea bargain, Weatherford v. Bursey, 429 U.S. 545, 561 (1977); or dismiss charges Rinaldi v. United States, 434 U.S. 22, 29-30 (1977). A decision to prosecute in federal court is unreviewable unless based on race, sex, religion, or exercise of a right. *See* United States v. Davis, 15 F.3d 526 (6th Cir. 1994). Absent a preliminary showing that defendant was singled out for prosecution because of his protected status, there is no entitlement to an evidentiary hearing. United States v. Schmucker, 815 F.2d 413 (6th Cir. 1987).

In subject case, the defense has offered nothing other than rank speculation and supposition to support its motions. Without more, no pre-trial evidentiary hearing would appear warranted or justified.

//

//

//

//

//

//

//

//

## **CONCLUSION**

WHEREFORE, the United States respectfully requests this Court deny both defense motions. There is absolutely no factual, legal or procedural basis for either defense motion. The most appropriate mechanism to obtain the relief sought by both defense motions would be through a Motion for a Judgment of Acquittal pursuant to Rule 29. The defense motions currently filed are factually and legally meritless along with procedurally premature, and as such, should be denied forthwith without the benefit of a pre-trial evidentiary hearing.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight. Keller @usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Reply in Opposition to the Defense Motions to Dismiss was electronically filed and served upon Thomas W. Anderson, Jr., Esq. via the CM/ECF system this 25th day of January, 2017.

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney